**UNITED STATES DISTRICT COURT**

**DISTRICT OF COLORADO**

---------------------------------------------------------------x
:
JENNIFER ROSENBERG, :
:
                                           Plaintiff, :
:
                *- against -* :   11-cv-2200 (WJM) (CBS)
:
DEUTSCHE BANK AG, DEUTSCHE BANK TRUST :
COMPANY AMERICAS, DEUTSCHE BANK :
SECURITIES INC., :
:
                                   Defendants. :
:
---------------------------------------------------------------x

## AFFIDAVIT OF ARTHUR A. FELTMAN

STATE OF NEW YORK   )
                              : ss.:
COUNTY OF NEW YORK  )

       Arthur A. Feltman, being first duly sworn, deposes and says:

       1.    I am General Counsel of PrO Unlimited, Inc. ("PrO"). I have reviewed the Second Amended Complaint of Plaintiff Jennifer Rosenberg in this action and am familiar with the allegations made therein. I am fully familiar with the facts set forth herein and state the following based on my personal knowledge and review of the business records of PrO.

       2.    PRO delivers a full range of services related to the engagement and tracking of non-employee workers — *i.e.*, independent contractors, consultants, temps and freelancers. My firm, along with other participants in the temporary staffing market, regularly and routinely furnishes short and long term supplemental labor to various entities under various contracts. The personnel furnished are invariably our employees and not those of the party with whom we contract. That is the essence of our industry.

3.     PrO has provided such services to various Deutsche Bank entities, including, as is relevant to this lawsuit, by furnishing temporary workers to Deutsche Bank entities to work on a project called the Americas New Data Center project ("the ANDC project") at a work site located at 100 Plaza One, Jersey City, New Jersey 07311 ("100 Plaza").

4.     In approximately May 2008, Plaintiff signed an employment agreement with PrO pursuant to which she accepted an assignment to work on the ANDC project. A copy of that agreement is attached hereto as Exhibit A.

5.     Plaintiff was issued regular payroll and tax documents during the course of her employment with PrO. A copy of the Internal Revenue Service ("IRS") Form W2 issued to Plaintiff by PrO for 2008 is attached as Exhibit B. A copy of the IRS Form W2 issued to Plaintiff by PrO for 2009 is attached as Exhibit C.

6.     Any documentary evidence in PrO's possession that might be potentially relevant to the allegations in Plaintiff's complaint is stored in PrO facilities located either on premises in Bethpage, New York or in off-site storage in New Jersey.

7.     Based on my review of Plaintiff's allegations and my knowledge of PrO business records, the following is a non-exhaustive list of current and former PrO employees who may possess information relevant to Plaintiff's allegations:

   a. Michelle Oliva, PrO Relationship Manager: Ms. Oliva worked in 100 Plaza. She was the PrO direct point of contact for Plaintiff's workplace-related complaints and coordinated with Deutsche Bank personnel in responding to those complaints. Ms. Oliva currently resides in Huntington, New York.

   b. Marie Hammond, PrO Human Resources: Ms. Hammond coordinated with Deutsche Bank personnel in responding to Plaintiff's complaints. She currently resides in Roslyn, New York.

c. <u>Susan Larsen Balaioing</u>, PrO Human Resources: Ms. Larsen Balaioing coordinated with Deutsche Bank personnel in responding to Plaintiff's complaints. She currently resides in California.

_____
Arthur A. Feltman

Sworn to before me this
10th day of January, 2012.

_____
Notary Public

JOANN COLICA
NOTARY PUBLIC, State of New York
NO. 01CO4067780
Qualified in Nassau County
Commission expires August 18, 20__14__

# Exhibit A

## PrO UNLIMITED EXEMPT EMPLOYEE SERVICES AGREEMENT

This Agreement is entered between PrO Unlimited, Inc. ("Employer") and _____ ("Employee"), in consideration for the hiring of and employment by Employer and the undertakings hereunder, the parties agree as follows:

1. Employer is engaged in the business of providing services to Deutsche Bank AG ("Client"). Employee is presently seeking a position with Employer to work providing Employee's services to Client.

2. The employment contemplated herein shall be carried out by Employee at either the offices of the Employer or at Client's facilities or other locations designated by Employer.

3. Employer agrees to pay Employee at the daily rate of $800.00 per day. Unless otherwise agreed, Employee understands that:
    a) Employee is employed on an exempt basis, as distinguished from an hourly basis, and is, therefore, not entitled to overtime compensation.
    b) The time records of the Employer shall be conclusive as to the time worked by Employee, unless the time records have been incorrectly or fraudulently prepared by the Employee.
    c) Employee will accurately complete and sign the time record each week and will obtain an approval of the time record from an authorized representative of Client.
    d) In the absence of complete and accurate verified time records, the Employer cannot accurately determine the number of days worked and corresponding wages, and no wages shall be due and owing Employee unless and until the Employee completes, signs, gains Client's approval signature and forwards the time record in accordance with Employer's instructions.

4. Prior to beginning assignment, if for any reason Employer or Client determine that Employee is unacceptable for assignment to Client's facility, this Employee Services Agreement shall immediately become null and void and Employee waives any cause of action against Employer or its Client due to nonacceptance.

5. Any and all ideas, discoveries, inventions (including but not limited to improvements and modifications), trademarks, copyrightable material or plans ("Intellectual Property") relating in any manner to the actual or anticipated business operations of Client or to work performed by Employee or relating to matters disclosed to Employee in connection with work to be performed, or suggested by such matters, whether or not patentable, which such Intellectual Property is made or conceived by Employee, solely or jointly with others, during the term of Employee's employment (regardless of whether conceived or developed during working hours), shall be the property of Client and such Intellectual Property shall be promptly disclosed in writing to Client. Employee shall, during Employee's employment or any time thereafter, provide Client with all documents, information and assistance requested for the filing preparation, prosecution or defense of any legal action or application pertaining to such Intellectual Property, patent applications and letters patent issuing thereon. Employee shall, in addition to the foregoing, upon request of Client, execute and deliver to Client and take such other action at Client's expense as may be necessary or appropriate to establish, register, record or otherwise document Client's ownership of the Intellectual Property in the United States and/or foreign countries.

6. All information pertaining to Employer, or its Client's inventions, designs, tools, equipment, unpublished written materials, plans, processes, costs, methods, system improvements, or other private or confidential matters obtained by Employee in the performance of Employee's work, which is not publicly disclosed by Employer or Client shall be considered confidential and proprietary. Employee shall not disclose at any time such information or the nature of the service Employee renders to Client, except to authorized representatives of Employer or Client. The foregoing provision in this paragraph shall be in effect during and after such employment and shall be for the benefit of Employer and/or its Client. Upon completion of Employee's work hereunder, Employee will return all papers, records or other documents, including all copies thereof to Client.

7. If Employee is employed in California, Intellectual Property does not include those Inventions excluded by the provisions of Section 2870 of the California Labor Code and included in Schedule A attached hereto and made part hereof. For purposes of this Agreement, in California, any reference to "employer" stated on Section 2870 of the California Labor Code shall mean "Client." For those employees employed in California it is understood that all Inventions which Employee made prior to Employee's assignment to Client are excluded from the scope of this Agreement. To eliminate any possible uncertainty, Employee has set forth on Schedule A, attached hereto, a complete list of all of Employee's prior Inventions which are Employee's property, including an identification of all patents, and patent applications, copyright, trademark and mask work right registrations, and a brief description of all unregistered inventions, Employee represents that the list is complete and that if an item is not on the list, Employee claims no right in such prior Invention. Employee agrees to notify Employer and Client in writing before making any disclosure or performing any work at or for Client which uses or appears to threaten or conflict with proprietary rights Employee claims in any Invention. In the

event of Employee's failure to give such notice, Employee agrees that Employee will make no claim against Employer or Client with respect to any such Inventions. **If Employee is not employed in California, this paragraph and Schedule A do not apply.**

8. Employee agrees not to disclose or make available to Employer or Client or use or induce Employer or Client to use any trade secret, confidential or proprietary information or material belonging to any previous employer or other person or company. Employee represents that Employee's performance of services for Employer and Client does not and will not breach any agreement including but not limited to the requirement that Employee keep in confidence any information, knowledge or data acquired by Employee in confidence or in trust prior to the assignment to perform the services for Client.

9. In the event the Employee has or receives a professional license or certification, during the term of employment hereunder, Employee agrees not to practice pursuant to such professional license or sign or affix Employee's professional seal, license, or certification to any documents, drawings, specifications, or other instruments on behalf of the Employer or the Client.

10. Employee shall be bound by any applicable rules, regulations or policies established by Client at whose place of business Employee performs services, as well as those rules, regulations or policies established by Employer. However, Employee recognizes and agrees that Employee is not an employee of any Client of the Employer and will look solely to Employer for any employee benefits to which Employee or Employee's family might be entitled.

11. **This Agreement shall be terminable at will by either party.** Employer shall have the right to modify any provision of this Agreement by giving written notice to Employee of the proposed modifications at least one (1) week prior to the effective date of such modification. If Employee continues to work for Employer after the specified effective date, employment shall be under the terms of this Agreement as so modified, with the same force and effect as if Employee had executed the Agreement so modified. Employee's rate (Paragraph 3) may be modified by mutual consent of the Employee and Employer, in which event this Agreement shall be deemed modified accordingly and shall continue as so modified, in full force and effect. Employee's acceptance of such rate shall be deemed effective if Employee continues to work for Employer after being compensated under the new rate or having accepted a new assignment which assignment carries a rate different than that stated herein.

12. To the extent permitted by law, Employee, on Employee's own behalf and on behalf of Employee's successors, executors, heirs, and assigns, waives any and all rights Employee has, or may have to claim or assert a claim, suit, action, or demand of any kind, nature or description, including without limitation claims, suits, actions or demands for personal injury or death whether arising in tort, contract, or otherwise, against Client or Client's customers, contractors, subcontractors, representatives, agents, officers, directors, or employers (collectively referred to as "Client") resulting from or arising directly or indirectly from Employee's employment with Employer. Employee recognizes and agrees that the Employer provides workers' compensation coverage for such things as on-the-job injuries or occupational diseases, incurred while on assignment for the Employer and agrees to look solely to the Employer and/or its insurer for damages and/or expenses for such illness, injury, or other claims incurred while on assignment covered by said workers' compensation policy. The extent and applicability of actual coverages shall be in accordance with applicable state law and policy terms and conditions. Employee agrees that such coverage is adequate and fully compensatory and, therefore, releases Employer and its Client from any other liability.

13. The provisions of this Agreement, and any portion thereof, are severable. It being the intention of the parties that if, for any reason, any such provision is held to be invalid in a final, unappealable ruling issued by a tribunal with competent jurisdiction in a proceeding to which Employer is a party, such invalidity shall not affect the remaining provisions, which shall remain in full force and effect as though such invalid provision had not been contained herein.

14. Employee's obligations and representations which by their nature are intended to continue beyond termination of this Agreement including without limitation paragraphs 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 17, and 18 herein, shall survive termination of this Agreement.

15. Employee recognizes that Employer may require drug testing in accordance with Employer's policies or as required by Client. Employee agrees that he will submit to such testing as a condition of employment and comply with the provisions of Employers Substance Abuse Drug Free Workplace Policy, copies of which have been provided.

16. The term "Employee" as used herein is applicable to the masculine and feminine as the case may be; and the masculine usage includes the feminine as the case may be. All references in this Agreement to "Employer" are intended to include PrO Unlimited, Inc. its parent, subsidiaries, affiliates, employer of record of the Employee which Employer may amend at any time without notice to Employee, agents and/or representatives.

Rev. 3/2/04                                                     2

17. This Agreement shall at all times be construed in accordance with the laws and legal decisions of the state of New York.

18. This Agreement and any riders hereto constitutes the entire agreement between the parties, and supersedes any statements, agreements, or representations made prior to or contemporaneously herewith. Any amendments or modifications must be in writing to be effective.

Date: 05/09/2008

PrO Unlimited, Inc.
("EMPLOYER")
By: _SHiehl_
Title: _CAC_

("EMPLOYEE")

Date: 05/05/08

_JENNIFER ROSENBERG_
Print Name

_[signature]_
Signature of Employee

Rev. 3/2/04                                    3

# Exhibit B

## Copy B—To Be Filed With Employee's FEDERAL Tax Return.

41-1628061
OMB No. 1545-0008

| | 1 Wages, tips, other comp. | 2 Federal income tax withheld |
|---|---|---|
| | 3 Social security wages | 4 Social security tax withheld |
| b Employer ID number (EIN) | 5 Medicare wages and tips | 6 Medicare tax withheld |

c Employer's name, address, and ZIP code
PRO UNLIMITED, INC
415 CROSSWAYS PARK DRIVE
P.O. BOX 9006
WOODBURY NY 11797-9006

d Control number

e Employee's name, address, and ZIP code                                Suff.
JENNIFER ROSENBERG
160 FRONT ST. , APT. 4F
NEW YORK NY 10038

| 7 Social security tips | 8 Allocated tips | 9 Advance EIC payment |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code   See inst. for box 12 |
| 13 Statutory employee | 14 Other  SDI | 12b Code |
| Retirement plan | FED W-2 DATA IS ON SEPARATE W-2 | 12c Code |
| Third-party sick pay | | 12d Code |

NY

| 15 State Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax |
|---|---|---|
| 18 Local wages | 19 Local income tax | 20 Locality name  NEW YORK |

Form W-2 Wage and Tax Statement    2008    Dept. of the Treasury -- IRS
This information is being furnished to the Internal Revenue Service.

---

## Copy 2—To Be Filed With Employee's State, City, or Local Income Tax Return.

41-1628061
OMB No. 1545-0008

| | 1 Wages, tips, other comp. | 2 Federal income tax withheld |
|---|---|---|
| | 3 Social security wages | 4 Social security tax withheld |
| b Employer ID number (EIN) | 5 Medicare wages and tips | 6 Medicare tax withheld |

c Employer's name, address, and ZIP code
PRO UNLIMITED, INC
415 CROSSWAYS PARK DRIVE
P.O. BOX 9006
WOODBURY NY 11797-9006

d Control number

e Employee's name, address, and ZIP code                                Suff.
JENNIFER ROSENBERG
160 FRONT ST. , APT. 4F
NEW YORK NY 10038

| 7 Social security tips | 8 Allocated tips | 9 Advance EIC payment |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code |
| 13 Statutory employee | 14 Other  SDI | 12b Code |
| Retirement plan | FED W-2 DATA IS ON SEPARATE W-2 | 12c Code |
| Third-party sick pay | | 12d Code |

NY

| 15 State Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax |
|---|---|---|
| 18 Local | 19 Local | 20 Locality name  NEW YORK |

Form W-2 Wage and Tax Statement    2008    Dept. of the Treasury -- IRS

---

## Copy C—For EMPLOYEE'S RECORDS (See Notice to Employee on the back of Copy B.)

41-1628061
OMB No. 1545-0008

| | 1 Wages, tips, other comp. | 2 Federal income tax withheld |
|---|---|---|
| | 3 Social security wages | 4 Social security tax withheld |
| b Employer ID number (EIN) | 5 Medicare wages and tips | 6 Medicare tax withheld |

c Employer's name, address, and ZIP code
PRO UNLIMITED, INC
415 CROSSWAYS PARK DRIVE
P.O. BOX 9006
WOODBURY NY 11797-9006

d Control number

e Employee's name, address, and ZIP code                                Suff.
JENNIFER ROSENBERG
160 FRONT ST. , APT. 4F
NEW YORK NY 10038

| 7 Social security tips | 8 Allocated tips | 9 Advance EIC payment |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code   See inst. for box 12 |
| 13 Statutory employee | 14 Other  SDI | 12b Code |
| Retirement plan | FED W-2 DATA IS ON SEPARATE W-2 | 12c Code |
| Third-party sick pay | | 12d Code |

NY

| 15 State Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax |
|---|---|---|
| 18 Local | 19 Local | 20 Locality name  NEW YORK |

Form W-2 Wage and Tax Statement    2008    Dept. of the Treasury -- IRS
This information is being furnished to the IRS. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

---

## Copy 2—To Be Filed With Employee's State, City, or Local Income Tax Return.

41-1628061
OMB No. 1545-0008

| | 1 Wages, tips, other comp. | 2 Federal income tax withheld |
|---|---|---|
| | 3 Social security wages | 4 Social security tax withheld |
| b Employer ID number (EIN) | 5 Medicare wages and tips | 6 Medicare tax withheld |

c Employer's name, address, and ZIP code
PRO UNLIMITED, INC
415 CROSSWAYS PARK DRIVE
P.O. BOX 9006
WOODBURY NY 11797-9006

d Control number

e Employee's name, address, and ZIP code                                Suff.
JENNIFER ROSENBERG
160 FRONT ST. , APT. 4F
NEW YORK NY 10038

| 7 Social security tips | 8 Allocated tips | 9 Advance EIC payment |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code |
| 13 Statutory employee | 14 Other  SDI | 12b Code |
| Retirement plan | FED W-2 DATA IS ON SEPARATE W-2 | 12c Code |
| Third-party sick pay | | 12d Code |

NY

| 15 State Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax |
|---|---|---|
| 18 Local | 19 Local | 20 Locality name  NEW YORK |

Form W-2 Wage and Tax Statement    2008    Dept. of the Treasury -- IRS

FORM L4UP

Four copies of Form W-2 Wage and Tax Statement (2008) for employee JENNIFER ROSENBERG, 160 FRONT ST., APT. 4F, NEW YORK NY 10038, issued by PRO UNLIMITED, INC, 415 CROSSWAYS PARK DRIVE, P.O. BOX 9006, WOODBURY NY 11797-9006. EIN / OMB No. 1545-0008, Control number 41-1628061. Box 12a Code D. Retirement plan box checked (X). State: NJ. Locality: NJ-UI, NJSDI. Monetary amounts are redacted.

Copies shown:
- Copy B—To Be Filed With Employee's FEDERAL Tax Return
- Copy 2—To Be Filed With Employee's State, City, or Local Income Tax Return
- Copy C—For EMPLOYEE'S RECORDS (See Notice to Employee on the back of Copy B.)
- Copy 2—To Be Filed With Employee's State, City, or Local Income Tax Return

FORM L4UP

# Exhibit C

**Copy B—To Be Filed With Employee's FEDERAL Tax Return**
41-1628061
OMB No. 1545-0008

PRO UNLIMITED, INC
415 CROSSWAYS PARK DRIVE
P.O. BOX 9006
WOODBURY NY 11797-9006

d Control number: REISSUED STATEMENT

JENNIFER ROSENBERG
PO BOX 2309
EDWARDS CO 81632

14 Other: SDI

NY ... NEW YORK

Form W-2 Wage and Tax Statement  2009  Dept. of the Treasury -- IRS
This information is being furnished to the Internal Revenue Service.

---

**Copy 2—To Be Filed With Employee's State, City, or Local Income Tax Return**
41-1628061
OMB No. 1545-0008

PRO UNLIMITED, INC
415 CROSSWAYS PARK DRIVE
P.O. BOX 9006
WOODBURY NY 11797-9006

d Control number: REISSUED STATEMENT

JENNIFER ROSENBERG
PO BOX 2309
EDWARDS CO 81632

14 Other: SDI

NY ... NEW YORK

Form W-2 Wage and Tax Statement  2009  Dept. of the Treasury -- IRS

---

**Copy C—For EMPLOYEE'S RECORDS** (See Notice to Employee on the back of Copy B.)
41-1628061
OMB No. 1545-0008

PRO UNLIMITED, INC
415 CROSSWAYS PARK DRIVE
P.O. BOX 9006
WOODBURY NY 11797-9006

d Control number: REISSUED STATEMENT

JENNIFER ROSENBERG
PO BOX 2309
EDWARDS CO 81632

14 Other: SDI

NY ... NEW YORK

Form W-2 Wage and Tax Statement  2009  Dept. of the Treasury -- IRS
This information is being furnished to the IRS. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

---

**Copy 2—To Be Filed With Employee's State, City, or Local Income Tax Return**
41-1628061
OMB No. 1545-0008

PRO UNLIMITED, INC
415 CROSSWAYS PARK DRIVE
P.O. BOX 9006
WOODBURY NY 11797-9006

d Control number: REISSUED STATEMENT

JENNIFER ROSENBERG
PO BOX 2309
EDWARDS CO 81632

14 Other: SDI

NY ... NEW YORK

Form W-2 Wage and Tax Statement  2009  Dept. of the Treasury -- IRS

FORM L4UP