**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 11-cv-02200-WJM-CBS

JENNIFER ROSENBERG,

      Plaintiff,

v.

DEUTSCHE BANK A.G.,
DEUTSCHE BANK TRUST COMPANY AMERICAS,
DEUTSCHE BANK SECURITIES, INC., and

      Defendants.

---

**ORDER ADOPTING THE RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the May 22, 2012 Recommendation by U.S.

Magistrate Judge Craig B. Schaffer (ECF No. 58) (the "Recommendation") that: (1)

Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 27) be

granted; and (2) Plaintiff's Motion for Leave to Amend Second Amended Complaint

(ECF No. 45) ("Motion to Amend") be denied.  The Recommendation is incorporated

herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## I.  BACKGROUND

The facts relevant to a resolution of the Motions are detailed in the

Recommendation.  Briefly, Plaintiff, proceeding *pro se*, claims that she was

discriminated against by her employer and faced a hostile work environment.  (ECF No.

25.)  Defendant Deutsche Bank, A.G. ("DB") is an international bank with its main

headquarters in Frankfurt, Germany, and its United States headquarters in New York,

NY.  (ECF No. 35 at 1.)  Defendant Deutsche Bank Trust Company Americas ("DBTCA") is a wholly owned subsidiary of Deutsche Bank Trust Corporation ("DB Trust"), which is a wholly owned subsidiary of Taunus Corporation, which in turn is a wholly owned subsidiary of DB.  (*Id*. at 2.)  DBTCA is incorporated under the laws of the State of New York.  (*Id*.)  Defendant Deutsche Bank Securities, Inc. ("DBSI") is a wholly owned subsidiary of Deutsche Bank U.S. Financial Markets Holding Corporation, which is a wholly owned subsidiary of Taunus Corporation.  (*Id*.)  DBSI is incorporated under the laws of the State of Delaware.  (*Id*.)  Both DBTCA and DBSI have their principal places of business in New York.  (*Id*.)

Plaintiff's operative Complaint was filed on December 13, 2011.  (ECF No. 25.) Plaintiff brings claims against Defendants for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and for intentional infliction of emotional distress.  (*Id*.)

On January 12, 2012, Defendants filed their Motion to Dismiss and Brief in Support requesting that the Court dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.  (ECF Nos. 27, 29.)  On February 3, 2012, Plaintiff filed her Response to Defendants' Motion (ECF No. 49), and Defendants filed their Reply to Plaintiff's Response on February 10, 2012 (ECF No. 51).

On January 12, 2012, Plaintiff filed a Motion to Amend.  (ECF No. 45.)  On January 26, 2012, Defendants filed their Response to Plaintiff's Motion to Amend. (ECF No. 48.)  On February 14, 2012, the Court ordered that Plaintiff's Motion to Amend be held in abeyance until Defendants' Motion to Dismiss had been ruled upon.

(ECF No. 56.)

On May 22, 2012, the Magistrate Judge issued his Recommendation that: (1) Defendants' Motion to Dismiss be granted because the Court does not have personal jurisdiction over Defendants; and (2) Plaintiff's Motion to Amend be denied.  (ECF No. 58.)  On June 4, 2012, Plaintiff filed a timely Objection to the Recommendation (ECF No. 60), and Defendants filed their Response to Plaintiff's Objection on June 13, 2012 (ECF No. 61).

For the reasons stated below, Plaintiff's objections to the Recommendation are overruled, the Magistrate Judge's Recommendation is adopted in its entirety, Defendants' Motion to Dismiss is granted, and Plaintiff's Motion to Amend is denied.

## II.  LEGAL STANDARDS

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the District Court Judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id*.

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a motion to dismiss may be granted if the court "lack[s] personal jurisdiction" over the defendant.  The plaintiff bears the burden of establishing personal jurisdiction over the defendant.  *OMI Holdings v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998).  "In the preliminary stages of litigation, Plaintiff's burden is light."  *Walker v. Wegener*, 11-cv-

3238, 2012 WL 1020673, at *3 (D. Colo. Mar. 2, 2012) (citing *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)).  "Where, as here, there has been no evidentiary hearing, and the motion to dismiss for lack of personal jurisdiction is decided on the basis of affidavits and other materials, Plaintiff[ ] need only make a prima facie showing that jurisdiction exists."  *Walker*, 2012 WL 1020673, at *3 (internal citation omitted). Plaintiff "has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading."  *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989).

"Whether a federal court has personal jurisdiction over a nonresident defendant in a diversity action is determined by the law of the forum state."  *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1416 (10th Cir. 1988) (quoting *Yarbough v. Elmer Bunker & Assocs.*, 669 F.2d 614, 616 (10th Cir. 1982) (internal quotation marks omitted)).  "In Colorado, the assertion of personal jurisdiction must both: (1) satisfy the requirements of the long-arm statute; and (2) comport with due process."  *Walker*, 2012 WL 1020673, at *3 (citing *Taylor v. Phelan*, 912 F.2d 429, 431 (10th Cir. 1990)).  Colorado's long-arm statute "confers the maximum jurisdiction permissible consistent with the Due Process Clause,"  *Dudnikov v. Chalk Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (quoting *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005)), and "subjects a defendant to personal jurisdiction for engaging in - either in person of by an agent - the 'commission of a tortious act within this state,' or the 'transaction of any business within this state.'"  Walker, 2012 WL 1020673, at *3 (quoting Colo. Rev. Stat. §§ 13-1-124(1)(a)-(b) (2007)).  "To comport with due process, the defendant

foreign corporation must have minimum contacts with the forum state such that maintenance of the lawsuit would not offend 'traditional notions of fair play and substantial justice.'" *Beyer v. Camex Equip. Sales & Rentals, Inc.*, 10-cv-1580, 2011 WL 2670588, at * 3 (D. Colo. July 8, 2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The minimum contacts requirement protects a defendant from "being subject to the binding judgment of a forum with which [it] has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citation omitted).  The defendant must have "fair warning that a particular activity may subject [it] to the jurisdiction of a foreign sovereign." *Id*.  "[T]he question of whether a non-resident defendant has the requisite minimum contacts with the forum state to establish in personam jurisdiction must be decided on the particular facts of each case." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1076 (10th Cir. 2004) (internal quotation marks omitted).

The minimum contacts analysis differs depending on whether the court is exercising specific or general jurisdiction.  *OMI Holdings*, 149 F.3d at 1090-91.  "A court may assert specific jurisdiction if the defendant has purposefully directed [its] activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Beyer*, 2011 WL 2670558, at *3 (quoting *Burger King Corp.*, 471 U.S. at 472 (internal quotations marks omitted)).  "General jurisdiction, on the other hand arises when a defendant maintains continuous and systematic contacts with the forum state even when the cause of action has no relation to those contacts."

*Beyer*, 2011 WL 2670558, at *3 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984) (internal quotation marks omitted)).

Finally, in considering the Magistrate Judge's Recommendations in the instant case, the Court is also mindful of Plaintiff's *pro se* status, and accordingly, reads her pleadings and filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, such liberal construction is intended merely to overlook technical formatting errors and other defects in Plaintiff's use of legal terminology and proper English.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  *Pro se* status does not relieve Plaintiff of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law and, in these regards, the Court will treat Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

### III.  ANALYSIS

The Magistrate Judge recommends that: (1) Defendants' Motion to Dismiss be granted because the Court does not have personal jurisdiction over Defendants; and (2) Plaintiff's Motion to Amend be denied.  (ECF No. 58.)  Plaintiff objects to the Recommendation in its entirety and argues that the Court has personal jurisdiction over Defendants, and that she should be allowed to further amend her Complaint.  (ECF No. 60.)  As Plaintiff has objected to the entirety of the Recommendation, the Court will review the Recommendation *de novo*.  Fed. R. Civ. P. 72(b)(3).

### A.  Specific Jurisdiction

As described above, a federal Court may exercise personal jurisdiction over Defendants through either specific or general jurisdiction. In order to exercise specific jurisdiction, the court must apply a two prong analysis: (1) "whether the defendant purposefully availed himself of the privilege of conducting business in the forum state;" and (2) "whether the litigation 'arises out of' the defendant's forum-related contacts." *Found. for Knowledge in Dev. v. Interactive Designs*, 234 P.3d 673, 678 (Colo. 2010) (quoting *Archangel Diamond Corp.*, 123 P.3d at 1194). "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Rambo*, 839 F.2d at 1419. "It is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.*

After a detailed analysis in the Recommendation, the Magistrate Judge found that the Court does not have specific jurisdiction over the Defendants because any contacts Defendants may have with Colorado are unrelated to the claims in this action. (ECF No. 58 at 8-9.) The Court agrees. As described in the Recommendation, Plaintiff's unilateral decision to relocate to Colorado cannot serve as the basis for specific jurisdiction over Defendants. (*Id.*) Further, no evidence before the Court shows that Defendants purposefully availed themselves of the privilege of conducting business in Colorado. (*Id.*) Accordingly, this Court may not exercise specific jurisdiction over Defendants.

**B.  General Jurisdiction**

Even though the Court may not exercise specific jurisdiction here, the Court must also look to see if it can exercise general jurisdiction over Defendants.  "When a plaintiff's cause of action does not arise directly from a defendant's forum-related activities, the court may nonetheless maintain personal jurisdiction over the defendant based on the defendant's business contacts with the forum state." *Intercon, Inc. v. Bell Atl. Internet Solutions*, 205 F.3d 1244, 1247 (10th Cir. 2000).  "Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts."  *Benton*, 375 F.3d at 1079 (quoting *OMI Holdings*, 149 F.3d at 1091).  The Court may maintain general jurisdiction over Defendants' "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011).  For corporate entities this is generally: (1) the place of incorporation; or (2) the principal place of business.  *Id*. at 2853-54.

The Court agrees with the Magistrate Judge that there is no basis to exercise general jurisdiction over Defendants because they lack sufficient contacts with Colorado.  (ECF No. 58 at 14-15.)  As detailed in the Recommendation, Defendants' contacts with Colorado were not "continuous and systematic" as to allow the Court to assert general jurisdiction.  (*Id*.)  Therefore, general jurisdiction is inapplicable here, and no basis exists for the Court to exercise personal jurisdiction over Defendants.

Accordingly, Defendants' Motion to Dismiss is granted, and Plaintiff's claims are dismissed without prejudice.

## C.  Motion to Amend

Finally, Plaintiff's Motion to Amend (ECF No. 45) was held in abeyance pending the Court's decision on Defendants' Motion to Dismiss (ECF No. 56).  Plaintiff's Third Amended Complaint, filed on January 20, 2012, is against the same previously named Defendants and does not elaborate any further on the jurisdictional questions at issue. (ECF No. 46.)  As such, the Court agrees with the Magistrate Judge that allowing Plaintiff to amend her Complaint would not change the Court's inability to maintain personal jurisdiction over Defendants.  (ECF No. 58 at 15.)  Therefore, Plaintiff's Motion to Amend is denied.

Plaintiff also notes in her Objection that Defendants moved this Court, in the alternative to their Motion to Dismiss, to transfer venue to the Southern District of New York.  (ECF No. 60 at 20-21.)  Plaintiff now requests the Court transfer venue instead of dismissing her claims.  (*Id*.)  The Court declines to do so.  However, nothing in this Order prevents Plaintiff from refiling any of her claims against any Defendant in the Southern District of New York or other appropriate jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    Plaintiff's Objections (ECF No. 60) to the Magistrate Judge's May 22, 2012 Recommendation (ECF No. 58) are OVERRULED and the Recommendation is ADOPTED in its entirety;

2.     Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 27) is

       GRANTED;

3.     Plaintiff's claims are DISMISSED WITHOUT PREJUDICE; and

4.     Plaintiff's Motion for Leave to Amend Second Amended Complaint (ECF No. 45)

       is DENIED.

       Dated this 28th day of August, 2012.

                                                    BY THE COURT:


                                                    _____
                                                    William J. Martínez
                                                    United States District Judge